IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01858-BNB

ROBERT COLE,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 19 2007

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Robert Cole initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the computation of his earned-time and good-time credits and the running of his Colorado state sentence concurrently with his federal sentence. Mr. Cole claims that he currently is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado.

On September 12, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Cole to show cause why the Application should not be denied for failure to exhaust state remedies. On September 17, 2007, Mr. Cole filed a Response with the Court.

The Court must construe the Application and Response liberally because Mr. Cole is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

In the Application, Mr. Cole argues that the state has failed to issue good-time and earned-time credits against his sentence. Applicant also contends that he is entitled to receive good-time and earned-time credits wherever he serves his sentence. He further asserts that in his State of Colorado judgment of conviction and mittimus the state court judge ordered that his state sentence was to run concurrent with his two federal cases, Case Nos. 83-cr-00050 and 90-cr-00258. As relief, Mr. Cole seeks to be placed in federal custody so that, in keeping with his mittimus, he may serve his state sentence concurrent with his federal sentence.

Even though Applicant has filed his claims on a Court-approved from used in filing § 2254 actions, his claims challenge the execution of his sentence and more properly are filed under 28 U.S.C. § 2241. Nonetheless, whether the instant action is considered pursuant to § 2241 or § 2254, Mr. Cole is required to exhaust state remedies. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (§ 2254(b) requires exhaustion of available state remedies); *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993) (federal courts should not exercise jurisdiction pursuant to § 2241 if the issues raised in the application may be resolved through available state procedures).

In his Response to the Order to Show Cause, Mr. Cole alleges that he was not aware of the state's failure to issue his earned-time and good-time credits until July 18, 2007, and that after seventeen years the "required time frame has exhausted." (Resp. at 1.) Applicant further states that he has written to the state court with respect to his

state sentence being run concurrent with his federal sentence and that the state court informed him that the court is understaffed and his concerns had to be addressed in person. (Resp. at 1.)

Although the Court finds that Mr. Cole's explanation for his failure to exhaust state remedies is not adequate, the Court will not deny the Application for failure to exhaust. Instead, the Court will deny the Application on the merits. *See* 28 U.S.C. § 2254(b)(2); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The Court takes notice of the Docket of the United States District Court for the District of Colorado in Case No. 90-cr-00258. On July 12, 2007, a release plan was approved by the Court for Mr. Cole in Case No. 90-cr-00258, in which Mr. Cole was ordered to reside in a Residential Reentry Center for a period of up to 180 days commencing on his release from custody. The Court further takes notice that according to the Federal Bureau of Prisons (BOP) Inmate Locator Service found on the BOP's website, Mr. Cole, Reg. No. 17614-013, was released from the BOP on July 16, 2007.

In accordance with Applicant's mittimus that is attached to his Response, the Court finds that he was sentenced to forty years of incarceration in the Colorado Department of Corrections on November 19, 1990. Mr. Cole has more than twenty years remaining to serve on his state sentence. Because Mr. Cole has been released from federal custody his request that he serve his state sentence concurrent with his federal sentence is moot.

As for Mr. Cole's good-time and earned-time credits claim, assuming that Mr. Cole may receive good-time and earned-time credits against his Colorado sentence while he was incarcerated in a federal prison serving a concurrent federal sentence, the

3

claim is without merit. Mr. Cole simply misunderstands the purpose of good-time and earned-time credits in Colorado. Under Colorado law, good-time and earned-time credits do not constitute service of a prisoner's sentence and are used solely to determine a parole eligibility date. **See Meyers v. Price**, 842 P.2d 229, 231-32 (Colo. 1992). Regardless of how Mr. Cole's parole eligibility date is calculated, an award of good-time and earned-time credits will not advance his mandatory release date. Applicant fails to assert a violation of his federal constitutional rights with respect to the execution of his sentence. The Application, therefore, is without merit and will be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 18 day of Oct, 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01858-BNB

Robert Cole
Prisoner No. 48582
DRDC
PO Box 382004
Denver, CO 80239-8004

　　　I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on 10/19/07

GREGORY C. LANGHAM, CLERK

By: _____
　　　　Deputy Clerk